This morning the United States v. Smith. Ms. Berry. Good morning, your honors. May it please the court, I'm Latoya Berry, attorney on behalf of Kevin Smith, the appellant. The main issue here, your honors, is whether the lower court made its determination of the Armed Career Criminal Act sentencing in violation of the modified categorical approach. I think some great groundwork has been laid already, but the modified categorical approach, as the court knows, just allows a certain set of documents and only those documents. It's not just allows but requires when the court has to make that inquiry so that the record below, being the charging document, judgment, and plea colloquy are things that a court may look into. So we can look at the plea colloquy. I read through the plea colloquy where Mr. Smith says, me and three others committed the crime of burglary, running into Mike's guns, running inside, taking weapons. How do you commit that without this qualifying as a building? Without this qualifying as a building, burglary of a building, which counts as a violent crime? Well, that section of the Missouri statute can be committed in several different ways. I know it can be, and Taylor tells us that not everything counts as a violent crime. I get that. And I'm going there. Okay. Consistent with the colloquy, how is this not a violent crime if it's something that me and three others ran into taking weapons? There's a car, vehicle is also within that statute. Three people can't run into a car, right? Four people. Your Honor, this is also forcing us to have to go back into a factual investigation of our own. No, we're allowed to look at the colloquy, right? Yes, but I feel like in order to pull it together, we have to tie things together. We have to make some assumptions. There's an assumption that is made from the plea colloquy. He doesn't say what they ran into. It says Mike's guns. A ship? Mike's guns is not self-defining. I'm sorry, Your Honor. Could it have been a ship? Could it have been an airplane? I mean, what other than a building could it have been? It could have been anything, Your Honor. I mean... We're nowhere near water big enough to hold a ship or even a boat that people can run into, right? No airport nearby. I'm not saying it's a boat. Rocket ship? I'm not saying that it's a boat. I am saying that property can be owned by Mike's guns in Mike's guns' name. It doesn't say what the property is in the charging document. It lists an address and it lists the location, Your Honor. Mike's guns... Could a district judge take judicial notice of the fact that if one puts into Google 1964 Old Highway 94, a photograph of a business named Mike's guns appears? Your Honor, I haven't found any case that goes that far. I mean, they stop it, again, at the charging document and the record of sentencing. So I think that is what Taylor and Shepherds say specifically, not to go beyond what's already before the court in the record. Then suppose a judge has to pass 1964 Old Highway Road on her way to work every day. Well... Does she close her eyes so she can't tell whether there's a building? It's in Missouri, in St. Charles, Missouri. I don't know that... I don't think it's in the vicinity of St. Clair County, which is where our court is. The judge did not say that. Again, I feel like it's forced speculation to have to go there. But because the court is asking, it's conceivable that a place can own a trailer, an 18-wheeler, something of that sort, where they're housing things or things are being dropped off at that location. In Missouri, are gun shops allowed to operate lawfully out of temporary structures or vehicles? Your Honor, I don't know that. Would that make a difference? But the court... If they're not allowed, if the license requires sales from specific structures? I mean, I don't know that specific thing about the gun shops. Because that, again, is an inference that's being drawn on what my client pled to. That's what Shepard's focused on. That's what this court focused on. And Holt's is what the person actually pled to. A lot of times, negotiations take place, and you don't plead to what's in a police report. Rather, you plead to what's an agreement between the attorneys, and that's presented before the court, so that someone can be charged with a speeding ticket, for example, and end up pleading to a parking ticket. But that's not what the police report says. In this case, the police report, again, is what we're focusing on here, because that's what the pre-sentence report relies on. And that's what the court below relied on. Well, the judge also relied on the plea colloquy. So, even if we take out the non-Shepard-sanctioned documents, isn't the error harmless? If it was error to rely on the police report, which was quoted in the PSR? I don't think that it could be considered harmless error. Again, unless Mike's guns is self-defining, if that's what the court is saying. If it's self-defining, I suppose that's another story. But I could not find case law that said an address or a store name or something is self-defining just by the name. Ms. Berry, am I correct that this whole thing, this whole issue depends on there being a difference between a building and an inhabitable structure? Yes, Your Honor. So, building counts, inhabitable structure does not? Yes. Okay, all right. Inhabitable structure is the language that's used in the charging document. That language, again, is quoted by my client in the plea colloquy. Well, he says burglary, committed the crime of burglary, which is conclusory because the Missouri statute doesn't specify. Again, I'm sorry, the charging document doesn't specify which burglary he committed or which burglary he pled to, rather. And, I mean, I believe it's relied heavily on assumptions. The government in its brief sort of sprinkles in here the fact that the charging instrument, just reading the charging instrument, states that the burglary was to a building or enclosed structure, in quotes. And it just does not say that. And none of the documents that were presented doesn't say that he pled to committing an offense in a building or an enclosed structure. And we would just ask that the court consider the things that are in the Shepard's documents, again, including the plea colloquy. Also, regarding harmless error, without the armed career criminal sentencing, I mean, my client is subjected here with a 15-year mandatory minimum. On the 922G sentencing, the maximum is 10 years. So the result is totally different without this armed career criminal sentencing and the effect. And I'll just reserve any further time for rebuttal. Thank you. Mr. Pierce. Good morning again, Your Honors. James Pierce of the United States. Shepard documents in this case establish four facts that, taken together, show that second-degree Missouri burglary conviction that Mr. Smith obtained, that his second-degree conviction was generic burglary and, therefore, served as an act of predicate. Looking first to the amended information, two facts there. First, the street address. The fact that this is, as a couple of Judge Hamilton noted, this is located in an actual physical place. Unlikely, perhaps conceivable, but back to one of the discussions in an earlier case, we're interested in realistic possibility, not an exercise in legal imagination, that we're talking about an airplane or a ship with a street address. That's fact number one. Fact number two, also from the amended information, is that we're talking about Mike's guns. That certainly appears to be a commercial operation that we know from the PSR, which is not a Shepard document, that that's, in fact, what it is. But it doesn't take a very far leap from common sense to make that determination that we're talking about a building. Judge Hamilton, I also don't know the answer to your question about whether one needs a permit in Missouri to sell guns out of a shop, or if it needs to be out of an enclosed space. That would be an additional fact that would be helpful for the government, but I think these four facts alone establish satisfactorily that this is generic burglary. The plea colloquy, then, one adds two additional facts here. First of all, again, as Judge Hamilton mentioned, what Mr. Smith admitted to was with three other individuals running inside Mike's guns. You don't run inside something that's not a building or an enclosed space. You don't talk about running inside a ship or an airplane. And then finally, in the discussion with the judge at that plea colloquy, the judge asks, was it a structure that was in Missouri County? And Mr. Smith says yes. Now, admittedly, the legal definition of inhabitable structure under Missouri law is one that is broader, includes these other things, but the common everyday understanding of the term structure is a building, what we're standing in right now. And I think one could also infer that Mr. Smith's agreement, a non-law-trained individual saying yes, this happened in a structure, would be yet another fact, again, taken in concert with the other three, that this happened in an enclosed space. So suppose it was a tent. Do we have to set this aside? So Taylor certainly doesn't speak to that. I'm not aware of any cases that say a tent counts or doesn't count. Sort of movable things don't seem to count. Non-movable things do count. You know, I'm glad that this is not asking that question because I know one can move a tent. But I think that under these facts, one can rule out the fact that it was a tent that Mr. Smith burgled. These tents don't have street addresses? Is that the argument? Well, tents typically do not have street addresses as far as I'm aware. And also a tent is certainly more easily moved than, say, this building or a general commercial building or a house. But I'm not aware of a case dealing with whether a tent falls into the term structure or not. I wanted to briefly just address Holtz that Mr. Smith mentioned in his brief and again here at argument. That involved a case under the guidelines which require burglary of a dwelling. That also involved an Illinois burglary where there is residential burglary and then there is a lesser degree offense that includes non-residential burglary and that necessarily excludes residential burglary. And so although in that case the government was asking the courts to look  that he had pled guilty to an offense that excluded that on its elements, took it out of consideration. And that's, of course, entirely distinct because, first of all, second degree Missouri burglary doesn't have that same limitation to residential burglary and nor does ACCA itself have any limitation, as the guidelines in their current version do, to burglary of a dwelling. As the court may know, the commission is currently set to substantially revise the career offender guideline provision in which case burglary and burglary of a dwelling. Have you thought at all about Mathis versus the United States? I'm sorry, Your Honor. I heard you. I heard Mathis versus the United States. I didn't hear the first part of your question. Yeah. Have you thought about it at all about how it might affect this case? Indeed, Your Honor. And, in fact, yesterday afternoon I submitted a 28-J letter just to call to the court's attention the fact that the Supreme Court heard argument in Mathis at the end of April. So the question in Mathis is essentially whether the use of the modified categorical approach was appropriate for a second degree Iowa burglary statute that does look somewhat similar to the Missouri burglary statute at issue here insofar as the term structure, I think it was occupied structure in Iowa as opposed to inhabitable structure here, can be defined somewhat more broadly to include things that Taylor say don't fall within the generic definition. The position the government takes in Mathis or has taken in Mathis is that this, that the use of the divisible, sorry, the modified categorical approach is appropriate in this type of case. And, in fact, this is exactly the hypothetical that the Supreme Court initially considered in Taylor that it dealt with in Shepard. And it would be somewhat peculiar in Mathis for it to say, actually, even though we use those hypotheticals, we didn't think that you could use the modified categorical approach. We don't know what the Supreme Court will say, of course, but we believe it unlikely, and we hope it to be unlikely, that it would disavow use of the modified categorical approach here. Well, we don't have a challenge to the divisibility of the statute here. That's correct. I understand. This is a pure Shepard's documents case. That's right. The parties have agreed. Now, of course, if the Supreme Court says something else, whatever the parties agree is somewhat beside the point. But that is not, both parties here agree that it is a divisible statute. Well, it's certainly not divisible in the de Camp sense. It doesn't define more than one crime. It defines a single crime with more than one motive commission. That's right. So it doesn't qualify as multiple crimes within a single statute. Which is what de Camp says is required for divisibility. Well, what de Camp's, the California statute at issue, and de Camp's also a burglary statute, didn't include a term that is required under the generic definition, unlawfully. Right, but the court went on and on and on about how you have to have alternative elements and not alternative modes of commission or means of commission. And that suggests multiple crimes within a single statute. In part, it does. And that's one of the reasons, I think, why the court is now returning to that question in Mathis. Right. But we just don't have that challenge here, so we don't have to address it. That's correct, Your Honor. That's correct. Unless there are any further questions, the government would ask the court to refer. Thank you. Thank you. Ms. Berry, how much time? You've got one minute left. Your Honor, just responding to Holtz. In that case, I think at the end of the case, the court determined that the matter would fall under the residual clause. It was a burglary offense. They could not. I'm sorry, not Holtz, Your Honor. The Terrell case. Made the determination that it would be a residual clause burglary. And I think that's where the residual clause would potentially come in in this matter. And with regards to Mathis, I just wanted to respond to that. I think it could potentially affect our case. We didn't argue with regard to those two challenges, the elements versus the means. But it looks like it would affect our case in the end. But we do ask that the court remand this matter for further sentencing at the lower court and for clarification. All right, thank you. The case is taken under advisement. And Ms. Berry, you were appointed in this case, is that right? Yes, Your Honor. All right, the court thanks you for your assistance to your client and the court. And we will be in recess. Thank you so much. Absolutely.